IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:21-CR-253 |
| | § | Judge Mazzant |
| EDGAL IRIBHOGBE (7) | § | |
| SEGUN ADEOYE (13) | § | |
| CHIDINDU OKEKE (14) | § | |
| NGOZI OKEKE (15) | § | |
| CHIGOZIEM OKEKE (29) | § | |

## UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO STRIKE RULE 404(b) NOTICE EXPERT WITNESS NOTICE

Comes now the United States and files this response to the Joint Defendants' Motion to Strike United States Amended 404(b) Notice and Amended United States' Expert Witness Notice filed by Defendants Edgal Iribhogbe, Segun Adeoye, Chidindu Okeke, and Chiagoziem Kizito Okeke (the "Joint Defendants"). Dkt. 1179.

## INTRODUCTION

In this Motion the Joint Defendants ask this Court to strike the Amended 404(b) Notice filed by the United States and the Expert Witness Notice delivered by the United States to the Joint Defendants.

As this Court is aware, this case involves sophisticated online fraudulent schemes and money laundering perpetrated by more than two dozen co-conspirators. Throughout this case the United States has diligently sought to meet its deadlines and as it has continued

to gather evidence and co-defendants have plead guilty, the United States has sharpened the focus of its case on the remaining defendants. It was in the interest of providing the Joint Defendants and this Court with the latest information required by the Rules of Criminal Procedure and the Rules of Evidence that the United States prepared the Amended 404(b) Notice and Amended Expert Witness Notice. Much of the information contained in the amended notices was provided to the Joint Defendants more than four months ago in the original notices. The Joint Defendants do not point to any prejudice they have suffered or will suffer as a result of the amended notices. The Motion should be denied.

## FACTS

On November 10, 2022, a Grand Jury in this District returned a Superseding Indictment charging the Joint Defendants with Conspiracy to Commit Wire Fraud and Conspiracy to Commit Money Laundering. *See, e.g.*, Dkt. 604. The central narrative of the Superseding Indictment is that the conspirators orchestrated several types of online scams wherein they took advantage of victims to the tune of more than $17 million. These scams were not separate, they were coordinated with the proceeds being divided amongst the co-conspirators.

On December 29, 2022, this Court entered a Scheduling Order in which it required the United States to, within five days of arraignment or receipt of the Order by the Defendant, disclose any evidence covered by Rule 404(b). Dkt. 641 at 2. The Order also required the United States to "[d]isclose to Defendant's attorney a written summary of

testimony the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence, during its case in chief at trial, including witness opinions, bases and reasons therefor, and the witnesses' qualifications."  *Id*.

On October 3, 2023, the United States provided the defendants in this case, including the Joint Defendants, with an "Expert Witness Notice."  Exhibit A.  On October 5, 2023, the United States filed a 404(b) Notice with this Court.  Dkt. 841.  The Joint Defendants did not object that these notices were delivered outside the time set forth in this Court's scheduling order.  On February 14, 2024, the United States provided the Defendants with an "Amended Expert Witness Notice."  Exhibit B.  That same day the United States filed an Amended 404(b) Notice with this Court.  Dkt. 1126.

The original and amended 404(b) notices are substantially similar in that the United States explained that both are "superfluous because the information is intrinsic to the crimes charged in the indictment."  Dkt. 841 at 1; Dkt. 1126 at 1.  In both notices the United States explained that should the Court determine that the information was extrinsic, it was nevertheless admissible pursuant to Rule 404(b) in that it was probative of the defendants' knowledge and intent.  *See* Dkt 841 at 5; Dkt. 1126 at 5.  The legal analysis of admissibility pursuant to Rule 404(b) in both notices are identical.

The original and amended notice of expert witnesses are also consistent. The original notice identifies seven witnesses that *may* be covered by Rule 16(a)(1)(G).[1] The amended notice identifies nine witnesses, the seven set forth in the original notice and two new witnesses.[2] The topics to be addressed by the proposed experts are also substantially similar. In both notices, the United States explains that it will call a language, cultural, and voice specialist, Kingsley C. Iheme, and two witnesses to address prescription and drug diversion fraud, Susannah Herkert and Dr. Timothy King. The United States also identifies special agents with the FBI and the Department of Labor to discuss fraud and money laundering.

On February 19, 2024, the Joint Defendants filed the present motion. Dkt. 1179. In it the Joint Defendants argue that the Amended 404(b) Notice and the Amended Expert Witness List "should be struck, and the [United States] should be barred from utilizing the information contained therein during the trial." *Id*. at 3. According to the Joint Defendants, the notices should be struck because they are untimely and because they "fall

---

[1] The United States explained in the original and amended expert witness notices that not all the anticipated testimony will be covered by Rule of Evidence 702 (testimony by expert witnesses). Instead, some of the testimony would be covered by Rule of Evidence 701 (opinion testimony by lay witnesses) and that the United States provided the notice "in an abundance of caution."

[2] The two new witnesses are FBI Special Agent Keane Richardson and David Batista, a Senior Financial Investigator with the United States' Attorney's Office for the Southern District of Texas. Special Agent Richardson is an additional expert witness expected to testify on the topics of fraud and money laundering. Mr. Batista is expected to "testify regarding the financial deposits, transfers, credits, debits, spending, and other financial activity related to the defendants' [financial] accounts." As explained below these topics were identified in the original expert witness list.

short of providing adequate notice to the Defendants such that they can adequately prepare a defense to the allegations and contents contained therein." Dkt. 1179 at 2-3.

## ARGUMENT

Before addressing the arguments of the Joint Defendants, it important to note what the Defendants do not challenge. In the original and amended 404(b) notices, the United States argued that the evidence covered by the notices was not subject to Rule of Evidence 404(b) because the evidence was intrinsic to the crimes charged. The Joint Defendants do not challenge this argument. Indeed, if this Court accepts the United States' position that the evidence is not subject to the Rule 404(b), the original and amended 404(b) notices were unnecessary and the Motion with respect to the Amended 404(b) Notice can be denied on that basis. *See United States v. Knight*, No. 23-CR-190-JFH, 2024 WL 492390, at *3 n.3 (E.D. Okla. Feb. 8, 2024) (holding where the United States did not file a timely 404(b) notice that "because the court has determined the evidence to be intrinsic, the Court does not perform a full 404(b) analysis").

The principal basis for the Motion is that the notices are untimely. Because (say the Joint Defendants) the notices were not filed as contemplated by this Court's scheduling order, they are untimely and should be struck. According to the Joint Defendants' reading of the Scheduling Order, the United States was obligated to notify them of its intent to introduce 404(b) evidence within five days of arraignment or receipt or forever be barred from doing so. This narrow reading of the Court's Scheduling Order fails to account for

Section F of that Order which provides that "[a]ny duty of disclosure and discovery set forth in this Order is a continuing one."  Dkt. 641 at 4.  As in most criminal cases, the United States has continued to investigate and process new evidence after the issuance of the Scheduling Order and has made decisions about its trial strategy as the case has progressed.  The United States was not in a position to prepare the 404(b) Notice in December 2022.  The notices in this case were filed consistent with the United States ongoing duties and should be evaluated on that basis.  The expert witness notices were also not untimely.  The United States, five days after arraignment, had not identified its expert witnesses.  Consistent with its ongoing duties, however, the United States identified the expert witnesses as it prepared for trial and disclosed them to the Joint Defendants.

Moreover, even assuming the Court determines the amended notices were untimely, the Joint Defendants fail to show prejudice.  *United States v. Mariscal-Lopez*, No. 1:21-CR-00524-KWR, 2022 WL 16653129 (D.N.M. Nov. 3, 2022) (denying in part defendant's motion to exclude government expert witness after finding disclosure of the expert was untimely because the defendant was not prejudiced).  The Joint Defendants focus on the proximity of the amended notices to the pending trial but fail to note that much of the information provided in these notices was provided more than four months ago in the original notices.  Put more clearly, the Joint Defendants have been aware for more than four months what potential 404(b) evidence the United States would offer and the topics of testimony to which the United States' experts will testify.

The original 404(b) Notice explained the 404(b) evidence the United States intended to offer:

> At trial, the United States will offer evidence that the defendants underreported or failed to report their taxable income during the charged wire fraud and money laundering conspiracies. Further, evidence will be offered showing the defendants were a diversified, poly-fraud organization and participated in multiple types of fraud, including, but not limited to, romance scam fraud, business e-mail compromise fraud, marriage fraud, prescription fraud and unemployment insurance fraud. Finally, the defendants were part of a broad conspiracy in which co-conspirators were members of an international criminal organization known as Black Axe. Black Axe is a confraternity which originated in Nigeria and now operates internationally. It is a criminal organization engaged in fraud and money laundering.

Dkt. 841 at 1-2. The evidence the United States outlines in the amended 404(b) notice is virtually identical.

> At trial, the United States will offer evidence of the following: (1) that the defendants underreported or failed to report their taxable income during the charged wire fraud and money laundering conspiracies; (2) that the defendants were involved in a diversified, poly-fraud organization and participated in multiple types of fraud, including but not limited to, romance scam fraud, business e-mail compromise fraud, marriage fraud, prescription fraud and unemployment insurance fraud; and (3) that the defendants were part of a larger operation in which co-conspirators were members of an international criminal organization known as Black Axe—a confraternity that originated in Nigeria, operated internationally, and engaged in widespread fraud and money laundering.

Dkt. 1126 at 1-2.

Similarly, the original expert witness list identifies seven of the nine experts identified in the amended expert witness list. The two experts identified in the amended list will supplement the testimony of the other already-identified experts rather than explore

news areas of testimony. The original expert witness list states that the United States will call witnesses to testify with respect to "slang or code terms that are commonly used in the fraud and money laundering underworld and are familiar with commonly used terms including code terms and techniques used in meetings and discussions regarding the laundering of fraud proceeds" and "the significance of conduct and methods of operation in the money laundering throughout the United States and internationally." The amended expert witness list provides the same description of the anticipated testimony and only adds Special Agent Richardson as an additional expert. The original expert witness list also explains that experts will be called to testify as to their review of the defendants' bank records for markers of money laundering. The amended expert witness list identifies David Batista and explains that he "will testify regarding the financial deposits, transfers, credits, debits, spending, and other financial activity related to the defendants' accounts, which have been reviewed using the standard financial analysis methods for other financial investigators in the field."

There is no reason to believe that the Amended 404(b) notice or the amended expert witness list caught the Joint Defendants unaware or unable to prepare to respond to this evidence. The motion should be denied.

## CONCLUSION

For the reasons set forth above the motion should be denied.

Respectfully submitted,

>DAMIEN M. DIGGS
>UNITED STATES ATTORNEY
>
>  */s/ Heather Rattan*
>HEATHER RATTAN
>Assistant United States Attorney
>Texas Bar No. 16581050
>heather.rattan@usdoj.gov
>
>
>ANAND VARADARAJAN
>Assistant United States Attorney
>Texas State Bar No. 24088576
>Anand.varadarajan@usdoj.gov
>
>101 East Park Boulevard, Suite 500
>Plano, Texas 75074
>972-509-1201
>Fax: 972-509-1209

## **CERTIFICATE OF SERVICE**

I certify a true and correct copy of this notice was electronically served on defense counsel by PACER/ECF.

>  */s/ Heather Rattan*
>Heather Rattan
>Assistant United States Attorney