# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES § <br> § <br> v. § <br> § <br> EDGAL IRIBHOGBE § <br> § | No. 4:21-CR-253(7) <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Edgal Iribhogbe's Ex Parte Motion for Relief from Prejudicial Joinder (Dkt. #1107, *sealed*). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED.**

### BACKGROUND

The United States has brought charges against Edgal Iribhogbe ("Defendant") and others that they did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1343 and 18 U.S.C. § 1956(h), for money laundering and wire fraud (Dkt. #967 at pp. 2–3, 12–13).

Within the alleged scheme, the United States claims that on or about November 19, 2019, Defendant, Sandra Iribhogbe's husband, deposited approximately $52,150 into his own Regions Bank account (Dkt. #967 at p. 8). Two days later, on or about November 21, 2019, Defendant allegedly transferred approximately $52,000 to a Thai Bank account (Dkt. #967 at p. 8). On or about May 15, 2020, Defendant allegedly withdrew three cashier's checks payable to Segun Adeoye totaling approximately $43,000 (Dkt. #967 at p. 8). Subsequently, on or about May 27, 2020, Adeoye allegedly wired $43,000 from his Chase Bank account ending in 0603 to a Japanese bank account (Dkt. #967 at p. 8).

On or about July 15, 2020, an alleged victim with the initials R.D. allegedly wired $48,000 to Isaac Asare's business Wells Fargo account ending in 2095 (Dkt. #967 at p. 8). Defendant then allegedly purchased approximately $47,769 of cashier's checks payable to Neco Corporation, a business in the name of Peter Ude and Gold Ude (Dkt. #967 at p. 8). After this alleged purchase, Peter Ude and Gold Ude then allegedly wired $47,719 to a Japanese bank account (Dkt. #967 at p. 8).

The United States also alleges that the defendants prepared and sent fraudulent applications to various state entities administering unemployment insurance benefit programs, causing prepaid debit cards to be issued to the defendants (Dkt. #967 at p. 10). For example, in or around August 2020, the State of Nevada allegedly authorized Bank of America to send prepaid debit cards to various individuals whom they deemed eligible for unemployment insurance benefits (Dkt. #967 at p. 11). In or around August 2020, Bank of America allegedly sent prepaid debit cards to a residential address in the Eastern District of Texas, registered to Defendant (Dkt. #967 at p. 11).

Defendant submits this motion under Federal Rule of Criminal Procedure 14 and the Sixth Amendment to the United States Constitution (Dkt. #1107 at p. 1, *sealed*). Defendant specifically requests that the Court conduct an ex parte hearing so that Sandra Iribhogbe can be examined by Defendant's defense counsel and the Court to explore the possibility of Sandra Iribhogbe providing exculpatory testimony at trial on behalf of Defendant (*see* Dkt. #1107 at p. 2, *sealed*).[1] Defendant has included a hand-written affidavit signed by Sandra Iribhogbe as an exhibit.

---

[1] Sandra Iribhogbe entered a guilty plea to both counts on January 16, 2024 (Dkt. #1070).

## LEGAL STANDARD

Federal Rule of Criminal Procedure 14(a) may be used to provide relief from prejudicial joinder:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a). "Severance is required only in cases of compelling prejudice." *United States v. Rice*, 607 F.3d 133, 142 (5th Cir. 2010) (citation and quotation omitted). Severance under Rule 14(a) is only appropriate "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "Mutually antagonistic defenses are not prejudicial *per se*." *Id.* at 538.

## ANALYSIS

Defendant submits this motion under Federal Rule of Criminal Procedure 14, but the only relief Defendant expressly seeks is the opportunity to examine Sandra Iribhogbe at an ex parte hearing (Dkt. #1107 at pp. 1–2, *sealed*). Defendant does not specifically seek relief from prejudicial joinder in the form of a severance, despite alluding to the purported need for one (*see* Dkt. #1107 at p. 2, *sealed*). Out of an abundance of caution, however, the Court will treat Defendant's motion as seeking relief in both the form of a severance and an ex parte hearing.

### I.   Severance Is Not Warranted Under Rule 14(a)

Defendant states in the motion that Sandra Iribhogbe's attorney advised Defendant's defense counsel on February 6, 2024, that Sandra Iribhogbe "would be willing to testify for Edgal Iribhogbe as long as he was not in a trial with the other defendants so that the cross examination of

3

her would be more limited" (Dkt. #1107 at pp. 1, 4, *sealed*). Defendant further indicates that Sandra Iribhogbe "does not want to lose her ability to argue for her 'Acceptance of Responsibility' points at her sentencing" and that she "desires to testify truthfully and in the very narrow capacity in the defense of Edgal Iribhogbe" (Dkt. #1107 at p. 2, *sealed*). Despite Defendant's explanation of the dilemma, he has failed to make the requisite showing warranting a severance under Rule 14(a).

"In order to establish a prima facie case warranting severance for the purpose of introducing exculpatory testimony of a co-defendant, the defendant must show: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant would in fact testify if a severance was granted." *United States v. Broussard*, 80 F.3d 1025, 1037 (5th Cir. 1996).

Defendant has shown neither the exculpatory nature and effect of Sandra Iribhogbe's expected testimony or that Sandra Iribhogbe would in fact testify at his trial if a severance was granted. Under the above test, "without an affidavit from the co-defendant [herself] or other similar proof, 'conclusory allegation[s]' that a co-defendant would testify and what he or she would testify about is not sufficient." *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007).

Defendant has not provided sufficient evidence to establish that his spouse would be a witness at his trial apart from the conclusory assertions of their respective attorneys. *See id.* at 626. But an attorney's representations that Sandra Iribhogbe would be willing to testify are insufficient. *Id.* at 625. Similarly, Defendant's explanation on the exculpatory nature and effect of Sandra Iribhogbe's enclosed hand-written affidavit is conclusory. Defendant fails to explain how such information is exculpatory. This is fundamentally problematic because if Defendant makes a prima facia showing, the Court must consider: "1) the significance of the alleged exculpatory testimony

4

in relation to the defendant's theory of defense, 2) the extent to which the defendant might be prejudiced by the absence of the testimony, 3) judicial administration and economy, and 4) the timeliness of the motion." *See United States v. Ramirez*, 954 F.2d 1035, 1037–38 (5th Cir. 1992). The Court cannot reliably measure the significance of Sandra Iribhogbe's purported exculpatory testimony in relation to Defendant's theory of defense without knowing how such testimony is exculpatory in Defendant's point of view.

Accordingly, the Court finds that Defendant's motion should be denied to the extent it seeks severance under Rule 14(a).

## II.     An Ex Parte Hearing is Not Warranted

The Court further finds that Defendant's request for an ex parte hearing to examine Sandra Iribhogbe should be denied. The Court is unaware of any authority requiring such a hearing, and Defendant offers none. Furthermore, the Court believes that justice does not require conducting such a hearing at this time given that Defendant has shown that he can obtain proof of potential testimony from a co-defendant.[2] As it stands, Defendant has simply failed to make the requisite showing pursuant to the above framework warranting relief from prejudicial joinder under Rule 14(a). *See Broussard*, 80 F.3d at 1037.

## CONCLUSION

It is therefore **ORDERED** that Defendant Edgal Iribhogbe's Motion for Relief from Prejudicial Joinder (Dkt. #1107, *sealed*) is hereby **DENIED.**

**IT IS SO ORDERED.**

---

[2] The Court notes that Sandra Iribhogbe is a co-defendant named in the same indictment that names Defendant (Dkt. #967 at p. 1).

5

**SIGNED this 23rd day of February, 2024.**

                                            AMOS L. MAZZANT
                                            UNITED STATES DISTRICT JUDGE